**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERESA TEMPLE,** | : | **CIVIL ACTION NO. 1:CV-05-620** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Before the Court are Magistrate Judge Malachy E. Mannion's Report and

Recommendation (Doc. No. 9) on Plaintiff's appeal from decision of the Commissioner of Social

Security (Doc. No. 1), Defendant's Objections to the Report and Recommendation (Doc. No 10),

and Plaintiff's Response to Defendant's Objections (Doc. No. 11).  For the reasons that follow,

the Court declines to adopt Magistrate Judge Mannion's Report and Recommendation and

Plaintiff's appeal will be denied.

**I.      <u>BACKGROUND</u>**

Plaintiff brought this civil action under 42 U.S.C. § 405(g) seeking judicial review of the

final decision of the Commissioner of Social Security ("Commissioner") to deny Plaintiff's

claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42

U.S.C. §§ 401-433.

On July 1, 2003, Plaintiff applied for DIB pursuant to sections 416(i) and 426 of the

Social Security Act.  42 U.S.C. §§ 416(i), 423.  Plaintiff alleged disability due to lupus and

interstitial cystitis.  (Doc. No. 4, Record of Transcript at 58) (hereinafter "R. at __").  On

September 30, 2003, Defendant denied Plaintiff's claim for DIB upon determining that Plaintiff's condition was not severe enough to keep Plaintiff from working.  (R. at 31.)

On October 25, 2004, Administrative Law Judge William T. Vest, Jr. ("ALJ") held a hearing on Plaintiff's application.  The ALJ issued his opinion on November 26, 2004, affirming the Commissioner's denial of DIB based on the determination that Plaintiff has not been under a disability as defined in the Social Security Act at any time through the date of the ALJ's opinion. (R. at 21.)  The ALJ found at step one of the five-step sequential process for evaluating disability that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (R. at 15); see also 20 C.F.R. § 404.1520 (setting forth the five-step evaluation process).   At the second step of the analysis, the ALJ found that the medical evidence supports a finding that Plaintiff suffers from systemic lupus erythematosus ("lupus") and interstitial cystitis, which the ALJ found to be vocationally severe impairments.  (R. at 15.)  At the third step, the ALJ found that, although Plaintiff's impairments are severe and thus work-limiting, no physician has made medical findings that meet the requirements of any listed impairment.  (R. at 16.)  At the fourth step in the analytical framework, the ALJ found that Plaintiff retains the residual functional capacity to perform sedentary work and is capable of returning to the type of work she performed in the past, which included work as a travel agent and receptionist.  (R. at 21.)  The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time during the period following her alleged onset date of May 12, 2003, through the date of the ALJ's decision on November 26, 2004.  (Id.)  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (R. at 4.)

Plaintiff filed her complaint and supporting brief with this Court on March 28, 2005,

asserting the following challenges:  (1) the ALJ's finding that Plaintiff was capable of sedentary

employment was not supported by substantial evidence; (2) the ALJ failed to adequately assess

Plaintiff's subjective complaints of pain; (3) the ALJ failed to adequately assess and develop the

record with respect to Plaintiff's alleged emotional impairment; and (4) the ALJ erred by

ignoring the testimony of the vocational expert.  (Doc. No. 5.)  The Commissioner filed an

answer to the complaint on May 31, 2005.  (Doc. No. 3.)

On February 14, 2006, Magistrate Judge Mannion issued his Report and

Recommendation in which he recommended that Plaintiff's appeal be granted and that Plaintiff

be awarded disability benefits.  (Doc. No. 9.)  In his report, Magistrate Judge Mannion found,

inter alia, that the ALJ's findings regarding Plaintiff's residual functional capacity were

supported by substantial evidence, but also that the ALJ's findings regarding Plaintiff's

subjective complaints of pain were not supported by substantial evidence and that the ALJ erred

in failing to consider the testimony of the vocational expert with respect to Plaintiff's inability to

sustain gainful employment.  (Doc. No. 9.)  Subsequently, on March 7, 2006, Defendant filed

untimely Objections to the Report and Recommendation (Doc. No. 10), to which Plaintiff filed a

response on March 13, 2006 (Doc. No. 13).[1]

## II.   **STANDARD OF REVIEW**

The Commissioner's decision to deny benefits must be affirmed if it is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").  A single piece of evidence is insufficient to support the decision if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence.  Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  Consolo v. Federal Maritime Comm'n, 383 U.S. 607,

---

[1]      Defendant filed untimely objections, together with a motion for leave to file the objections out of time.  (Doc. Nos. 10, 11.)  In doing so, counsel for the Defendant represented that Plaintiff had concurred in the relief requested.  (Doc. No. 11.)  Immediately thereafter, Plaintiff filed a brief in opposition to the motion for leave, and maintained that she did not concur in the motion.  (Doc. No. 12.)  Although the Court is somewhat troubled by the conflicting representations of counsel regarding concurrence, the Court will grant Defendant's motion and will consider the objections.  The objections were not filed substantially out of time, being only two days late, and Plaintiff had the opportunity to file a substantive response, which the Court has considered.  (Doc. No. 13.)  Furthermore, the Court notes that under 28 U.S.C. § 636(b)(1), district courts are empowered to "accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge."  28 U.S.C. § 636(b)(1).  The Court's power in this regard is not dependent upon the filing of an objection.

620 (1966).  The Commissioner's decision may not be set aside even though the reviewing court

acting de novo might have reached a different conclusion.  Universal Camera Corp. v. NLRB,

340 U.S. 474, 488 (1951); Hunter Douglas, Inc. v. NLRB, 804 F.2d 808, 812 (3d Cir. 1986).

When objections to a report and recommendation have been filed, the Court must make a

de novo consideration of those portions of the report to which the objections relate.  Carter v.

Apfel, 220 F. Supp. 2d 393, 395 (M.D. Pa. 2000) (citing Samples v. Deicks, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989)).  In so doing, the Court may accept, reject, or modify the findings and

recommendations contained in the report.  28 U.S.C. § 636(b)(1); Local Rule 72.1.  Further, in

the exercise of sound judicial discretion, the Court may rely on the Magistrate Judge's proposed

findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Govey v.

Clark, 749 F.2d 5, 7 (3d Cir. 1984) ("[t]he Supreme Court has recognized the discretion afforded

federal district courts in their use of magistrate's reports").

## III.   DISCUSSION

In determining whether an applicant is disabled within the meaning of the Social Security

Act, and therefore eligible for disability benefits, the Federal Regulations provide a five-step

sequential evaluation process that requires the Commissioner to inquire, in turn, whether an

applicant:  (1) is engaged in substantial gainful activity; (2) suffers from an impairment or

combination of impairments that is severe; (3) suffers from an impairment or combination of

impairments that meets or equals a listed impairment; (4) is able to perform his or her past

relevant work; and (5) is able to perform work existing in significant numbers in the national

economy.  See 20 C.F.R. §§ 404.1520(a)(4); McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360

(3d Cir. 2004).  In the instant case, the parties dispute whether the ALJ erred at step four of the

evaluation process in:  (a) finding that Plaintiff was capable of sedentary employment; (b)

assessing Plaintiff's subjective complaints of pain; (c) assessing and developing the record with

respect to Plaintiff's alleged emotional impairment; and (d) ignoring the testimony of the

vocational expert.  (Doc. No. 5.)

### A.     Residual Functional Capacity

At step four of the sequential process, a determination must be made whether Plaintiff

retains the residual functional capacity ("RFC") to perform the requirements of her past relevant

work.  20 C.F.R. § 404.1520(e).  RFC is defined as that which an individual is still able to do

despite the limitations caused by her impairments.  20 C.F.R. § 404.1545(a).  In assessing RFC,

consideration is given to the medical evidence and testimony, including subjective allegations,

and the extent to which the alleged symptoms can reasonably be accepted as consistent with the

objective medical evidence and other evidence.  20 C.F.R. § 404.1529.  However, statements

about pain will not alone establish a disability; there must be medical evidence of an impairment,

which is consistent with statements about pain, that would lead to a conclusion of disability.  Id.

The ALJ concluded that, despite Plaintiff's impairment, she retained the RFC to perform

sedentary work.[2]   The state agency medical consultant, who completed the Residual Functional

Capacity form, indicated that Plaintiff has the RFC to perform light work activity.[3]   However, in

---

[2]  Sedentary work involves lifting no more than 10 pounds at a time.  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

[3]  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. It also requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or

light of Plaintiff's testimony and the treating source evidence the ALJ accorded no weight to the findings of the consultant.  (R. at 19.)

In determining that Plaintiff retained an RFC to engage in sedentary work, the ALJ considered Plaintiff's testimony that she is able to lift approximately ten to fifteen pounds, able to walk for short distances, and on goods days is able to perform housework.  (R. at 17.)  The ALJ also considered records submitted from Plaintiff's treating physicians, none of which indicated Plaintiff was totally disabled or recommended work-related restrictions.  (R. at 17-19.)  In addition, the ALJ considered the intermittent hospitalizations of record and concluded that Plaintiff's symptoms were being controlled by medication.  (R. at 17-19.)  As a result of Plaintiff's testimony and the medical evidence of record, the ALJ concluded that Plaintiff retains the RFC to perform sedentary work as defined by 20 C.F.R. § 404.1567(a).  (R. at 21.)

Upon an independent de novo review of the entire record, the Court finds that reasonable minds might accept the evidence considered by the ALJ as adequate to support a conclusion that Plaintiff is able to perform sedentary work, despite the limitations of her impairments. Therefore, the Court agrees with Magistrate Judge Mannion that the ALJ's determination that Plaintiff retains the RFC to perform sedentary work is supported by substantial evidence of record and Plaintiff's appeal with respect to this issue will be denied.

###    B.    Subjective Complaints of Pain

Plaintiff contends that the ALJ erred in finding Plaintiff's testimony about her subjective complaints of pain less than credible.  (Doc. No. 5.)  In making the determination that Plaintiff's

---

leg controls. If someone can do light work, then they are also considered able to do sedentary work.  20 C.F.R. § 404.1567(b).

allegations regarding work-disabling limitations were not entirely credible, the ALJ found as follows:   there is an absence of medical records that indicate Plaintiff is "disabled"; Plaintiff's pain is controlled by pain medications and required only intermittent hospitalization; and Plaintiff testified that she was capable of daily activities on good days.  (R at 19-22.)

Upon review, Magistrate Judge Mannion concluded that the ALJ's credibility determination was not supported by substantial evidence and found that Plaintiff's subjective complaints were supported by evidence of record.  Specifically, Judge Mannion made the following findings:  Plaintiff was not hospitalized on an intermittent basis, but rather she was hospitalized on eight different occasions for pain; two of Plaintiff's treating physicians supported Plaintiff's application for disability evaluation; and although Plaintiff testified that she could perform daily activities, she testified she could do so only on good days.  (Doc. No. 9 at 14-15.) As a result, Magistrate Judge Mannion recommended that the Court find the ALJ's findings regarding Plaintiff's subjective complaints to be unsupported by substantial evidence and that the Court grant Plaintiff's appeal and award DIB on this basis.

The relevant regulations provide that, however genuine a claimant's complaints may appear to be, objective medical evidence must be produced to demonstrate the existence of a medically-determinable impairment that could reasonably be expected to produce the symptoms alleged.  See 20 C.F.R. § 404.1529(b).  If the medical evidence establishes the existence of such a medically-determinable impairment that could reasonably be expected to produce the symptoms alleged, the regulations then require the ALJ to evaluate their intensity and persistence and their effect on the claimant's ability to work in light of the entire record.  See 20 C.F.R. § 404.1529(b). "This obviously requires the ALJ to determine the extent to which a claimant is

accurately stating the degree of [symptoms] or the extent to which he or she is disabled by it."
Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).  Objective medical evidence is thus directly relevant to assessing a claimant's credibility.  See 20 C.F.R. § 404.1529(c)(2).

In making credibility determinations, the ALJ is given great discretion, and such findings are entitled to judicial deference.  Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).  Credibility determinations are the province of the ALJ and should be disturbed on review only if not supported by substantial evidence. Id.; 20 C.F.R. § 404.1527(e).  The ALJ may disregard subjective complaints when contrary evidence exists in the record, Mason v. Shalala, 994 F.2d 1058, 1067-68 (3d Cir. 1993), but the ALJ must provide reasons for doing so.  Serody v. Chater, 901 F. Supp. 925, 930 (E.D. Pa. 1995).  The ALJ should consider a claimant's daily activities, the location, frequency, and intensity of the pain or symptoms, the type and dosage of pain medication, and any other measures used to relieve the alleged pain.  20 C.F.R. § 404.1529(c)(3).

Here, the ALJ considered these and other factors, in conjunction with the medical record, and determined that Plaintiff's testimony about her subjective complaints of pain could not be fully credited.  Upon review of the record, the Court finds the ALJ's conclusions to be supported by substantial evidence.  The ALJ relied on Plaintiff's hospitalization records which indicate that Plaintiff is stable on pain medications and that Plaintiff is only to avoid strenuous activity.  The Court also notes that one of the discharge summaries relied upon by the ALJ indicated that Plaintiff was able to return to work at the beginning of the following week.  (R. at 119.)  Additionally, although the Plaintiff's treating physicians may have supported Plaintiff's evaluation for disability benefits, none of the treating physicians testified that Plaintiff is in fact disabled.  Outside of the treating physicians' support for disability evaluation, there is no

testimony or medical evidence of records that supports Plaintiff's claim that her pain is disabling.

Although Judge Mannion points to evidence indicating that Plaintiff was "hospitalized for her impairments on eight (8) different occasions for a total of approximately forty-seven (47) days" (Doc. No. 9 at 14), the Court notes that the evidence of record only supports a finding of six hospitalizations during the period in question.[4]  Moreover, the Court finds that the ALJ considered five of the six hospitalization of record in making the determination about Plaintiff's subjective complaints of pain.[5]  Upon consideration of Plaintiff's hospitalizations, the ALJ concluded that Plaintiff only required intermittent hospitalizations for intravenous hydration and pain control and otherwise has been stable on pain medications.  (R. at 19.)

Based on this substantial record evidence, it was within the ALJ's discretion to make credibility determinations regarding Plaintiff's subjective testimony as to her symptoms and limitations.  Van Horn, 717 F.2d at 873.  Because the ALJ considered Plaintiff's subjective complaints of pain and, as the finder of fact, properly assessed her credibility in the context of all the other evidence of record, this Court will not disturb the ALJ's determination that Plaintiff did not suffer totally debilitating symptoms and limitations.  Accordingly, the Court finds that the

---

[4]  In aggregating Plaintiff's hospitalizations, it appears Judge Mannion may have included an out-patient medical treatment in his calculation.  Judge Mannion cites treatment on July 7, 2003, which was not a hospitalization but merely an office visit.  (R. at 171.)  Additionally, Judge Mannion cites a hospitalization on the dates of October 21 through October 26, 2003; however, review of the record reveals that the date of this hospitalization is in fact January 21 through January 26, 2003, which the ALJ considered.  (R. at 17, 104.)

[5]  The only hospitalization of record not considered by the ALJ was on June 4 through June 13, 2003.  However, upon review of Plaintiff's hospitalization record, the purpose of the hospitalization was related to a claim of pericarditis rather than lupus or interstitial cystitis.  (R. at 136.)

ALJ's determination was supported by substantial evidence and therefore, the Court will decline

to adopt Magistrate Judge Mannion's Report and Recommendation regarding Plaintiff's

subjective complaints of pain.

> ### C.   Emotional Impairment

Plaintiff next contends that there is evidence in the record with respect to a somatoform

disorder and that the ALJ erred by failing to discuss what effect this disorder would have on

Plaintiff's work activity.  (Doc. No. 5 at 13-14.)  Upon review, Magistrate Judge Mannion

concluded that the ALJ's determination that Plaintiff's somatoform disorder was not severe is

supported by substantial evidence of record and the Plaintiff's appeal should be denied on this

basis.  (Doc. No. 9 at 16-17.)

The ALJ must determine whether a claimant suffers from a severe impairment.  20 C.F.R.

§ 404.1520(c).  An impairment is severe if it significantly limits the claimant's physical or

mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  However, the failure to

follow prescribed treatment without good reason can result in a finding that the claimant is not

disabled.  20 C.F.R. § 404.1530; English v. Shalala, 10 F.3d 1080, 1084 (4th Cir. 1993).

Here the only evidence of a mental impairment in the record was a mental health

evaluation by Dr. Rakauskas during one of Plaintiff's hospitalizations.  (R. at 158-59.)  The

evaluation failed to indicate that Plaintiff's disorder imposed any work-related limitations.  The

evaluation simply recommended that Plaintiff seek treatment with a psychiatrist or psychologist.

However, the record also indicates that Plaintiff was "adamantly against any type of psychiatric

or psychological follow up."  (R. at 159.)  Moreover, the record indicates that Plaintiff stated that

"she feels she does not have psychiatric or psychological problems to any degree that needs

help." (Id.)  Accordingly, the Court agrees with Magistrate Judge Mannion that the ALJ's

determination that Plaintiff's somatoform disorder does not preclude the performance of basic

work-related activities is supported by substantial evidence of record, and therefore, the Court

will deny Plaintiff's appeal on this basis.

### D.    Testimony of the Vocational Expert

Plaintiff finally argues that the ALJ erred in ignoring the testimony of the vocational

expert with respect to the fact that she would not be capable of sustained employment given the

frequency of her flare-ups and the time which her impairments require her to be off work.  (Doc.

No. 5 at 15.)  Upon review, Magistrate Judge Mannion concluded that the ALJ erred in failing to

consider the testimony of the vocational expert with respect to Plaintiff's inability to sustain

gainful employment based upon the amount of time required to be off work.  (Doc. No. 9 at 17-

18.)

Upon examination by the ALJ, the vocational expert described Plaintiff's past relevant

work as sedentary to light duty and skilled.  (R. at 362-63.)  Following the ALJ's examination,

counsel for Plaintiff posed the following question to the vocational expert: "given the testimony

of [Plaintifff], if the Administrative Law Judge considers her testimony to be credible with

regard to the time off from work that is required as a result of her impairments, would she be

capable of employment at any level?"  (R. at 363 ) (emphasis added.)  Although the vocational

expert answered in the negative, it is apparent that the answer assumed a finding by the ALJ that

Plaintiff's testimony was credible.  However, the ALJ found Plaintiff's allegations regarding her

pain and limitations not entirely credible.  (R. at 19.)  As discussed above, credibility

determinations are the province of the ALJ and should be disturbed on review only if not

supported by substantial evidence.  <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir.1983); 20 C.F.R. § 404.1527(e).  The Court has determined that based on the substantial record evidence, it was clearly within the ALJ's discretion to make credibility determinations regarding Plaintiff's subjective testimony as to her symptoms and limitations.  Accordingly, the Court finds that the ALJ did not fail to consider the testimony of the vocational expert because the testimony was conditional upon a finding by the ALJ that Plaintiff's testimony was credible.  Therefore, the Court will decline to adopt Magistrate Judge Mannion's recommendation and Plaintiff's appeal will be denied on this issue.

**IV.    <u>CONCLUSION</u>**

In summary, the Court finds that the ALJ's determination is supported by substantial evidence.  Substantial evidence of record supports the ALJ's finding that Plaintiff retains the RFC to perform sedentary work.  The ALJ considered Plaintiff's subjective complaints of pain and, as the finder of fact, properly assessed her credibility in the context of all the other evidence of record, and therefore, this Court will not disturb the ALJ's determination that Plaintiff did not suffer totally debilitating symptoms and limitations.  The ALJ's determination that Plaintiff's somatoform disorder does not preclude the performance of basic work-related activities is also supported by substantial evidence of record.  The ALJ also did not fail to consider the testimony of the vocational expert because the testimony was conditional upon a finding by the ALJ that Plaintiff's testimony was credible.  For all of the foregoing reasons, the Court will decline to adopt the Magistrate Judge Mannion's recommendation and Plaintiff's appeal will be denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERESA TEMPLE,** | : | **CIVIL ACTION NO. 1:CV-05-620** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

    **AND NOW**, this 20th day of June, 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Defendant's Motion to File Objection Out of Time (Doc. No. 11) is **GRANTED**.

    2.    The Court **DECLINES** to adopt the Report and Recommendation of Magistrate Judge Mannion (Doc. No. 9).

    3.    The ALJ's decision to deny Plaintiff's application for disability benefits is **AFFIRMED**.

    4.    Plaintiff's appeal of the ALJ's decision (Doc. No. 1) is **DENIED**.

    5.    The Clerk of the Court shall close the file.

                                                           _S/ Yvette Kane_____
                                                           Yvette Kane
                                                          United States District Judge